*POSTED ON WEBSITE*
*NOT FOR PUBLICATION*

**FILED**

JAN - 7 2008

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 05-37694-D-13L |
| | Docket Control No. MWB-8 |
| JAMES AND LORI MIGUEL, | |
| Debtors. | DATE:  December 11, 2007 |
| | TIME:  1:00 p.m. |
| | DEPT:  D (Courtroom 34) |

### MEMORANDUM DECISION ON THIRD MOTION FOR APPROVAL OF ATTORNEYS FEES AND COSTS PAYABLE

This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.

James and Lori Miguel (the "debtors") filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code ("Code") on October 13, 2005. Throughout this case Mark W. Briden, Attorney at Law ("Counsel") has acted as counsel for the debtors and this is Counsel's third fee motion. Through this third fee motion (the "Motion"), Counsel seeks additional compensation of $2,632.50 in fees and $41.20 in costs. Although no party has filed opposition to the Motion, the court has an independent duty to review all requests for compensation and to determine their reasonableness.

Section 330 of the Code sets out the standard for which courts should determine the reasonableness of attorneys' fees. This section provides that in determining the amount of

reasonable compensation the court should consider the nature, extent, and value of the services rendered, taking account of all relevant factors, including the time spent on the services, the rates charged for the services, and the customary compensation of comparably skilled attorneys in other cases. Reasonableness is determined by looking at the nature, extent and value of the services rendered. See In re Eliapo 298 B.R. 392, 401 (9th Cir. BAP 2003).

In determining reasonableness under § 330(a)(3)(D) of the Code the court is to consider whether services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed. One component of this analysis requires the court to look at what other competent Chapter 13 practitioners would charge for a Chapter 13 case similar in complexity.

"The burden is upon the applicant to demonstrate that the fees are reasonable." In re Basham, 208 B.R. 926, 931-932 (9th Cir. BAP 1997) [citing Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S.Ct. 1933, 1941 (1983)].

This case is a routine non-business Chapter 13 case. Although there has been a moderate amount of activity in this case, none of the work required of Counsel has been unusually complex, or out of the ordinary. The activity in this case has consisted of garden-variety motions and objections. Further, the court notes that when considering the original fee that the debtors paid, along with the fees approved under prior fee motions, Counsel has already been paid a total of $11,651. As prior awards were allowed on an interim basis, they are subject

to review at this time. Accordingly, the court will consider all prior fee requests, and prior fee awards, in considering the additional compensation requested in the Motion.

Turning now to Counsel's current fee request. The court notes that Counsel represents Chapter 13 debtors on a regular basis. The court finds that Counsel's hourly rate ($195 per hour) is reasonable and the court does not have an issue with the quality of Counsel's services. With that said, the court does have a real concern that the aggregate of the fees requested in this case exceed the reasonable value of the services rendered.

The burden is on Counsel to demonstrate that the fees requested are reasonable. However, the Motion, and prior fee motions, are void of any analysis or discussion as to the reasonableness of the fees requested. Accordingly, Counsel has not met his burden to demonstrate the fees requested are reasonable. On the contrary, and for the reasons stated below, the court finds the aggregate fee requested in this case is excessive and unreasonable.

There are numerous time entries that are excessive. By way of example only, on October 6, 2005 Counsel charged 2.0 hours for "Formulation and Preparation of Chapter 13 Plan." This Chapter 13 plan is a form plan which merely required Counsel to fill in blanks in five different sections of the form plan. Then on May 11, 2006 Counsel charged 2.0 hours for "Formulation and Preparation of Declaration of Debtor in Support of Motion to Confirm First Amended Plan." This is a simple three page declaration. A review of the time charged for the form plan and declaration leads the court to one of two conclusions. One, that

Counsel is extremely inefficient, or alternatively the time charged is grossly inflated. In either event these charges are clearly excessive and unreasonable.

However, rather than dissect Counsel's charges line-by-line, or task-by-task, the court chooses to take a more holistic approach. The debtors' case is a routine Chapter 13 and the court finds the total fees requested in this case exceed the reasonable value of services rendered when compared to what other competent practitioners would charge for a Chapter 13 case of similar complexity.

The court notes that under the Guidelines for Payment of Attorneys' Fees in Chapter 13 Cases Applicable in the Eastern District of California (the "Fee Guidelines") in effect when this case was filed, the allowed "opt-in" fee for a Chapter 13 case was $2,500 and $4,000 for a business case. Although attorneys can "opt-out" of the Fee Guidelines, there is a general presumption that the fixed fee provided for in the Fee Guidelines for attorneys who "opt-in" is sufficient to cover the basic attorney services necessary in a routine Chapter 13 case. See In re Eliapo, supra at 599. In fact, many competent Chapter 13 attorneys use the "opt-in" procedure provided for in the Fee Guidelines and provide full representation for the fixed fee.

Although Counsel has opted out of the Fee Guidelines, the fixed fee charged by many competent Chapter 13 practitioners is to be considered and used as a guide as to what is reasonable attorney compensation for handling a routine chapter 13 case. The court finds that even when considering the moderate activity in this case, that reasonable compensation does not exceed the

1 | amount Counsel has already been paid, to wit $11,651.  This
2 | amount is more than 450% of the fixed fee set under the Fee
3 | Guidelines and is a very generous allowance for the services
4 | rendered in this case.
5 |     As Counsel has already been paid $11,651, no additional
6 | compensation will be allowed.
7 |     A separate order will be entered consistent with this
8 | memorandum decision.
9 | Dated:  JAN - 7 2008       *Robert Bardwil*
                                Robert S. Bardwil
10|                             United States Bankruptcy Judge

<u>**Certificate of Service**</u>

I certify that on ___JAN - 7 2008___ a copy of the **foregoing document** was mailed to the following:

Office of the US Trustee
501 "I" Street, Suite 7-500
Sacramento, CA 95814

Lawrence Loheit
P.O. Box 1858
Sacramento, CA 95812

Mark Briden
P.O. Box 493085
Redding, CA 96049-3085

James & Lori Miguel
40023 Cassel Dr.
Cassel, CA 96016

FOR THE COURT
RICHARD G. HELTZEL
CLERK, U.S. BANKRUPTCY COURT

By: _____
Deputy Clerk